UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: EPIPEN (EPINEPHRINE INJECTION, USP)
MARKETING, SALES PRACTICES AND
ANTITRUST LITIGATION                                                    MDL No. 2785

TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the *Nordstrum* action listed on Schedule A and pending in the District of New Jersey move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the District of New Jersey. This litigation consists of five actions pending in the Northern District of Illinois, the District of Kansas, the District of New Jersey, and the Western District of Washington, as listed on Schedule A. All of these actions involve allegations of anticompetitive conduct or unfair methods of competition by one or more Mylan entities[1] with respect to the EpiPen, a spring-loaded injector marketed by Mylan that delivers a pre-measured and pre-loaded amount of epinephrine for the emergency treatment of anaphylaxis. In addition to the actions on the motion, the parties have notified the Panel of actions pending in the Southern District of Alabama and in the District of New Jersey that involve related issues.[2]

Plaintiffs in two of the actions on the motion, as well as the plaintiff in one of the potential tag-along actions, support centralization in the District of New Jersey. Plaintiffs in one of these actions, Western District of Washington *Rainey*, alternatively suggest that the Panel need only transfer the Northern District of Illinois *Aggarwal* action to the District of Kansas, and that the remaining actions—which include allegations that defendants engaged in an anticompetitive rebate scheme with respect to pharmacy benefit managers—can proceed separately in the District of New Jersey (following a proposed Section 1404 transfer of *Rainey* to that district). Plaintiff in a third

---

[*] Judges Marjorie O. Rendell and Ellen Segal Huvelle took no part in the decision of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The Mylan defendants include: Mylan N.V.; Mylan Pharmaceuticals Inc.; Mylan Specialty L.P.; Mylan Inc.; and Heather Bresch. In addition to Mylan, two of the actions also name King Pharmaceuticals, Inc., Meridian Medical Technologies, Inc., and/or Pfizer, Inc. (collectively, the Pfizer defendants).

[2] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

action on the motion, *Aggarwal*, also supports centralization, but suggests the Northern District of Illinois as the transferee district.

Plaintiffs in the *In re EpiPen Auto-Injector Litigation* pending in the District of Kansas oppose centralization. They argue primarily that alternatives to centralization, such as informal coordination among the parties and Section 1404 transfer of the non-Kansas actions to the District of Kansas, are preferable to Section 1407 centralization. If the Panel centralizes this litigation notwithstanding their opposition, the Kansas plaintiffs alternatively suggest the District of Kansas as the transferee district. Plaintiff in the District of New Jersey *Sanofi-Aventis U.S. LLC* (*Sanofi*) action takes no position on centralization generally, but opposes inclusion of *Sanofi* in any MDL. Sanofi argues that its direct competitor action is distinct from the other four actions on the motion, which are putative purchaser class actions. Alternatively, Sanofi suggests the District of New Jersey as the transferee district.

Both the Mylan and the Pfizer defendants initially opposed centralization for much the same reasons proffered by the Kansas plaintiffs. Following denial of a Section 1404 transfer motion in the *Sanofi* action, defendants changed their position and now support centralization of this litigation in the District of Kansas. Mylan, though, continues to oppose centralization in the event that the Panel does not include the *Sanofi* action in the MDL. Mylan alternatively supports centralization in the Northern District of Illinois.

On the basis of the papers filed and hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization in the District of Kansas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from Mylan's alleged dominance in the market for epinephrine auto-injectors and recent increases of the price for the EpiPen. Plaintiffs allege anticompetitive conduct including, among other things: engaging in a "hard switch" and selling EpiPens only in packs of two; entering into discount agreements with schools that were conditioned on the schools not purchasing competing products; securing multiple overlapping patents on minor changes to the EpiPen and engaging in "sham" patent litigation to forestall generic competition; and paying excessive rebates to commercial insurance companies, pharmaceutical benefits managers, and state-based Medicaid agencies conditioned on those companies and agencies not reimbursing the use of competing products. Plaintiffs assert claims for violation of federal and state antitrust laws, as well as state consumer protection laws. Four of the actions involve overlapping putative classes of EpiPen purchasers. Centralization thus will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

Sanofi, which opposes inclusion in this MDL, is correct that there are differences among the actions. Sanofi, for instance, asserts claims for violation of the Sherman Act as a competitor of Mylan in the epinephrine auto-injector market (Sanofi sold a product called the Auvi-Q), whereas the other actions are brought on behalf of putative classes of purchasers of the EpiPen. Unique legal theories and factual allegations in a particular action, though, are not significant where all the actions

Case 2:17-md-02785-DDC-TJJ Document 1 Filed 08/04/17 Page 3 of 4
Case 3:17-cv-05244-RBL Document 28 Filed 08/04/17 Page 3 of 5

-3-

arise from a common factual core. *See In re U.S. Office of Personnel Mgmt. Data Sec. Breach Litig.*, 138 F. Supp. 3d 1379, 1380 (J.P.M.L. 2015). Despite the unique claims presented by Sanofi, there is significant factual overlap with the other actions. For example, other actions allege anticompetitive conduct by defendants with respect to the Auvi-Q, and multiple complaints allege that Mylan engaged in an anticompetitive rebate scheme. Given this factual overlap, the litigation taken as a whole is unlikely to benefit from excluding *Sanofi* from the MDL. To the extent *Sanofi* presents unique factual and legal issues, the transferee judge has the discretion to address those issues through the use of appropriate pretrial devices, such as separate tracks for discovery and motion practice. Additionally, the transferee judge may recommend Section 1407 remand of *Sanofi* in advance of other actions if he deems it appropriate. *See In re McCormick & Co., Inc., Pepper Prods. Mktg. & Sales Practices Litig.*, 148 F. Supp. 3d 1364, 1366 (J.P.M.L. 2015).

Turning to the opponents of centralization, we are not convinced that alternatives to centralization are workable in this instance. Opponents argue that the Kansas action is the result of intense negotiation between plaintiffs in eight actions pending in five districts, seven of whom agreed to voluntarily dismiss their complaints against Mylan in order to participate in a consolidated action in the District of Kansas, and that similar coordination or cooperation is possible with respect to the four non-Kansas actions on this motion. The Kansas plaintiffs' willingness to work cooperatively to eliminate duplicative actions is commendable. Even so, there remain five actions pending in four districts spread across the country. Coordination of these actions across four districts, especially given the likely complexity of the factual questions presented in these actions and the apparent lack of agreement among counsel in these actions, appears problematic.

Opponents also contend that centralization is unnecessary because Mylan has filed motions to transfer the four actions pending outside the District of Kansas to that district.[3] On a number of occasions this Panel has denied centralization where a "reasonable prospect" exists that Section 1404 or first-to-file motions will eliminate the multidistrict character of a litigation. *In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379-80 (J.P.M.L. 2012). The mere pendency of such motions, though, is not necessarily sufficient to defeat centralization: "we look to other circumstances to determine whether there is a reasonable prospect that the Section 1404 motions will resolve the difficulties posed by duplicative multidistrict litigation—for example, the amenability of counsel to Section 1404 transfer, orders addressing transfer in the underlying actions, and the likelihood of potential tag-along actions." *In re Natrol, Inc., Glucosamine/Chondroitin Mktg. & Sales Practices Litig.*, 26 F. Supp. 3d 1392, 1393 (J.P.M.L. 2014). Here, one of the transfer motions (in the *Sanofi* action) already has been denied. The transfer motions in the other actions are (or are likely to be) opposed, and the outcome of these motions is unknown.[4] Despite the advantages of transfer under Section 1404 or the first-to-file doctrine as a

---

[3] The Kansas plaintiffs also have sought to transfer or stay several of the non-Kansas actions in a motion filed in the Kansas action. That motion remains pending.

[4] The transfer motions in the *Nordstrum* action and the potential tag-along action in the
(continued...)

-4-

general matter, centralization appears the best option for coordinating this litigation in these circumstances.

The District of Kansas is the appropriate transferee district for this litigation. This district presents a geographically central forum for this nationwide litigation. Both defendants and some plaintiffs support centralization in the District of Kansas, which is relatively convenient and accessible to the parties. Also, the first-filed action is pending in this district. As discussed, that action is a de facto consolidation of the claims of plaintiffs in eight actions. Thus, establishing this MDL in the District of Kansas recognizes the prior cooperation among these plaintiffs in organizing the litigation. Further, centralization in the District of Kansas enables us to assign this litigation to the Honorable Daniel D. Crabtree, an able jurist who we are confident will steer this litigation on an efficient and prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Kansas are transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Daniel D. Crabtree for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____Sarah Vance_____
Sarah S. Vance
Chair

Charles R. Breyer    Lewis A. Kaplan
R. David Proctor    Catherine D. Perry

DOCUMENT
I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Kansas
Date filed: 8-4-17
Clerk, U.S. District Court
By: _____ Deputy Clerk

---

[4](...continued)
District of New Jersey recently were denied without prejudice on the basis of the pending Section 1407 motion for centralization.

IN RE: EPIPEN (EPINEPHRINE INJECTION, USP)
MARKETING, SALES PRACTICES AND
ANTITRUST LITIGATION                                  MDL No. 2785

## SCHEDULE A

### Northern District of Illinois

AGGARWAL v. MYLAN PHARMACEUTICALS INC., ET AL., C.A. No. 1:17-02189

### District of Kansas

IN RE: EPIPEN AUTO-INJECTOR LITIGATION, C.A. No. 2:16-02711

### District of New Jersey

NORDSTRUM, ET AL. v. MYLAN INC., ET AL., C.A. No. 2:17-02401
SANOFI-AVENTIS U.S. LLC v. MYLAN INC., ET AL., C.A. No. 3:17-02763

### Western District of Washington

RAINEY, ET AL. v. MYLAN SPECIALTY L.P., C.A. No. 3:17-05244